UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FADI DAHHAN, Individually and on Behalf of All Others Similarly Situated, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:17-cv-10511-IT |
| OVASCIENCE, INC., et al, | * * | |
| Defendants. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * * | |
| WESTMORELAND COUNTY EMPLOYEE RETIREMENT SYSTEM, on Behalf of Themselves and All Others Similarly Situated, | * * * * * | |
| Plaintiff, | * * | Civil Action No. 1:17-cv-12312-IT |
| v. | * * | |
| OVASCIENCE, INC., et al, | * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

July 16, 2018

TALWANI, D.J.

      Pending before the court are two actions brought against Defendants OvaScience, Inc. ("OvaScience") and others. Lead plaintiff in the first action seeks to intervene in the second action, to strike notice regarding appointment of lead plaintiff in the second action, and to consolidate the two actions. For the reasons that follow, these motions are DENIED.

I.     Procedural History

Fadi Dahhan filed a class action against OvaScience, Inc., and others in March 2017, asserting claims for violations of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and § 20(a) of the Exchange Act, on behalf of purchasers of OvaScience common stock between January 8, 2015, and March 26, 2015. Compl., ECF No. 1, Dahhan v. OvaScience, Inc., et al., No. 17-cv-10511 (D. Mass. Mar. 24, 2017). In July 2017, Freedman Family Investments, LLC ("Freedman Family") was appointed lead plaintiff because it asserted the largest financial interest in the relief sought by the class. Mem. & Order, ECF No. 16, Dahhan; Corrected Mem. & Order, ECF No. 42, Dahhan. In August 2017, Freedman Family filed an Amended Class Action Complaint. ECF No. 27, Dahhan. The Amended Class Action Complaint asserts the same Securities Exchange Act and Rule 10-b claims, now brought on behalf of purchasers of OvaScience publicly traded securities between December 17, 2014, and September 28, 2015. Id.

In November 2017, Westmoreland County Employee Retirement System ("Westmoreland") filed a separate class action against OvaScience, Inc., and others, alleging violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of those who purchased OvaScience's common stock directly in OvaScience's January 8, 2015, Secondary Offering of securities. Compl., ECF No. 1, Westmoreland Cty. Emp. Ret. Sys. v. OvaScience, Inc., et al., No. 17-cv-12312 (D. Mass. Nov. 22, 2017). Lead counsel has not yet been appointed in Westmoreland.

On January 17, 2018, Freedman Family filed a motion in Dahhan to consolidate the two actions. Mot. to Consolidate, ECF No. 37, Dahhan. Freedman Family also filed a motion in Westmoreland to intervene, to strike Westmoreland's notice to investors regarding appointment

2

as lead counsel, and to consolidate the actions. Mot. to Intervene, Strike Notice, and Consolidate Actions ("Mot. to Intervene"), ECF No. 9, Westmoreland. Both motions were opposed by the Defendants and by Westmoreland.

II. Intervention and Striking of Notice

Freedman Family asserts that it may intervene in the Westmoreland action as a matter of right. Mot. to Intervene, ECF No. 9, Westmoreland. A party may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if that party meets four requirements:

> First, the application must be timely. Second, the applicant must claim an interest relating to the property or transaction which is the subject of the action. Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede her ability to protect that interest. Fourth, the applicant must show that her interest will not be adequately represented by existing parties.

Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). An applicant who fails to meet any one of these requirements cannot intervene as of right under Rule 24(a)(2). Id.[1]

The Westmoreland action seeks to vindicate claims relating to the purchase of OvaScience's common stock in OvaScience's January 8, 2015, Secondary Offering of securities. Freedman Family does not allege that it purchased OvaScience's common stock during the Secondary Offering or that it has standing to bring the Securities Act claims asserted in the Westmoreland action. Indeed, while Freedman Family acknowledges that a motion to intervene must "'be accompanied by a pleading that sets out the claim or defense for which intervention is sought,'" Mem. in Support of Mot. to Intervene 5 n.5, ECF No. 10, Westmoreland (quoting Fed. R. Civ. P. 24(c)), it proffers for such pleading "the Amended Complaint filed in Dahhan," id., which does not include the Securities Act claims.

---

[1] In the alternative, Freedman Family seeks permissive intervention under Fed. R. Civ. P. 24(b)(1). Mem. in Support of Mot. to Intervene 5 n.5, ECF No. 10, Westmoreland.

Freedman Family nonetheless asserts that because it was appointed as lead plaintiff in Dahhan, and because the public offering occurred within the class period claimed in the Dahhan complaint, it "is authorized to prosecute the claims" at issue in Westmoreland. Id. at 2; see also id. at 6 ("Freedman Family is the Court-appointed Lead Plaintiff with the authority to assert the claims purportedly . . . brought by Westmoreland in this case . . . ."). Freedman Family misses the mark. The authority it offers supports the notion that a lead plaintiff does not itself need to have standing to sue on every claim, but it does not undermine the requirements of Federal Rule of Civil Procedure 23 (as well as constitutional standing requirements) that there must at least be a *named plaintiff* with standing to sue on such claims before the lead plaintiff may assert them. See, e.g., Hevesi v. Citigroup Inc., 366 F.3d 70, 82-83 (2d Cir. 2004); see also Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 112 (2d Cir. 2013) ("[T]here must be a named plaintiff sufficient to establish jurisdiction over each claim advanced.").[2] Here, the only plaintiff identified in the Dahhan Amended Complaint is Freedman Family, Am. Class Action Compl. ¶ 16, ECF No. 27, Dahhan, which purchased shares in March 2015, and not in the Secondary offering in January 2015, Kovacs Decl. Ex. C 4, ECF No. 13-3, Dahhan. Accordingly, there is no named plaintiff in Dahhan with standing to bring the claims raised in Westmoreland.

Freedman Family argues finally that its interests and "the interests of the Class it was appointed to represent[] are . . . threatened by Westmoreland's . . . notice" of a new Lead

---

[2] Freedman Family quotes a case from the Southern District of New York for the proposition that "[a]s Lead Plaintiff, Freedman Family 'ha[s] the authority to decide what claims to assert on behalf of the class,['] including whether to bring claims for violations of the Securities Act and 'should be given the opportunity to make this decision.'" Mem. in Support of Mot. to Intervene 7 n.7, ECF No. 10, Westmoreland (quoting In re Bank of Am. Corp. Sec., Deriv. & Emp't Ret. Income Sec. Act (ERISA) Litig., 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010)). Freedman Family omits critical language in between the two quoted passages that explained that two members of the lead plaintiffs had purchased the bonds in question and thus could bring these claims if they chose to do so.

4

Plaintiff deadline. Mem. in Support of Mot. to Intervene 7, ECF No. 10, Westmoreland. Although Freedman Family was appointed lead counsel, no class has yet been certified,[3] and Freedman Family's papers raise the question as to whether the broad class Freedman Family seeks to represent would be appropriate under Federal Rule of Civil Procedure 23, where Freedman Family's claims may not be typical of those investors who purchased securities in OvaScience's January 8, 2015, Secondary Offering of securities. In any event, the court finds no threat posed by Westmoreland's notice to the interests of the potential class members.

Accordingly, Freedman Family does not have an interest in the Securities Act claims which are the subject of the Westmoreland action, and the motion to intervene is DENIED. The court further DENIES Freedman Family's request to strike the notice of the Westmoreland action.[4]

III. Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that where actions before a court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to

---

[3] To the extent that the court's Memorandum & Order of July 5, 2017, created any ambiguity, it was been corrected to provide for approval of Freeman Family Investments as lead plaintiff for the action, and not for the "class," which has not yet been certified. See Corrected Mem. & Order, ECF No. 42, Dahhan.

[4] While the motion for leave to intervene was pending, Freedman Family filed four additional briefs in the Westmoreland action: Freedman Family Investments LLC's Memorandum in Opposition to Westmoreland County Employee Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel [#32], Freedman Family Investments LLC's Opposition to Westmoreland County Employee Retirement System's Motion to File a Reply Brief [#36], Freedman Family Investments LLC's Response to Defendants' Motion to Stay [#37], and Freedman Family Investments LLC's Response to Westmoreland County Employee Retirement System's Notice of Supplemental Authority [#44]. As Freedman Family has not been granted leave to intervene, and as each of these briefs was filed without leave of court, they are hereby stricken.

avoid unnecessary cost or delay." Consolidation under Rule 42(a) does not involve "the complete merger" of the constituent cases. Hall v. Hall, 138 S. Ct. 1118, 1125 (2018). Rather, consolidation "enabl[es] more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." Id.

Both Dahhan and Westmoreland are putative securities class actions asserted on behalf of persons who purchased or otherwise acquired OvaScience securities, and involve common questions of fact such that consolidation may result in more efficient case management during discovery. There is, however, a pending and fully briefed motion to dismiss in Dahhan, and no responsive pleading yet from defendants in Westmoreland. Accordingly, at this juncture the court will deny consolidation but will entertain a motion, or consider the issue *sua sponte*, if discovery is to commence in both actions.

IV. Conclusion

Accordingly, Freedman Family's Motion to Consolidate Related Action, *Westmoreland v. OvaScience, Inc.*, No. 17-cv-12312-IT, with the Instant Action, ECF No. 37, Dahhan, is DENIED WITHOUT PREJUDICE, and the Motion of Freedman Family Investments LLC to Intervene, Strike Notice, and Consolidate Actions, ECF No. 9, Westmoreland, is DENIED as to intervention and striking notice, and DENIED WITHOUT PREJUDICE as to consolidation.

IT IS SO ORDERED.

Date: July 16, 2018 /s/ Indira Talwani
United States District Judge