**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FADI DAHHAN, Individually and on Behalf of All Others Similarly Situated, </br></br>　　　　　　　　　Plaintiff,</br></br>vs.</br></br>OVASCIENCE, INC., et al.,</br></br>　　　　　　　　　Defendants. | ) No. 1:17-cv-10511-IT </br>) </br>) <u>CLASS ACTION</u> </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) |

**<u>JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND L.R. 16.1(d)</u>**

Pursuant to Local Rules 16.1 and 26.1, and Federal Rules of Civil Procedure 16 and 26(f), Lead Plaintiff Freedman Family Investments LLC ("Lead Plaintiff") and Defendants OvaScience, Inc., Michelle Dipp, M.D., Ph.D., and Jeffrey E. Young ("Defendants") have conferred and hereby submit this Joint Statement.

## PROPOSED DISCOVERY PLAN AND MOTION SCHEDULE

### I.     Initial Disclosures

Pursuant to the Court's Scheduling Order of September 13, 2018 (ECF No. 49; the "Scheduling Order"), the Parties exchanged initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by the Court's Notice of Scheduling Conference on October 4, 2018.

### II.    Subjects, Timing, and Phasing of Discovery and Timing of Dispositive Motions

With respect to the scope of anticipated discovery, Plaintiff states as follows: As sustained by the Court, the Amended Complaint concerns Defendants' false and misleading statements and omissions of material fact related to the Company's AUGMENT fertility treatment.  AUGMENT was launched in the United States in 2012 and studied for its safety, efficacy and potential commercialization throughout 2013.  Based specifically on the Company's 2013 study results, the treatment was commercially released in 2014, which commences the proposed Class Period from December 17, 2014 through September 28, 2015.  Discovery, therefore, of the 2013 study results is critical to Plaintiffs' case, which necessitates proof of Defendants' intent to deceive and knowledge (or reckless disregard) of omitted material facts. Accordingly, Plaintiff will seek discovery related to the safety, efficacy and commercialization of AUGMENT, as well as the Company's associated financial condition, performance, and growth, among other things, from January 1, 2013 through December 31, 2015 or thereafter, but only to the extent it relates to Defendants' Class Period fraud.  Market losses upon the revelation

of Defendants' fraud were over $500 million, further supporting that the scope of suggested discovery is proportional to the value and needs of the case, and is commensurate with Plaintiff's high burden of proof.

Defendants believe that Plaintiff's articulated scope of anticipated discovery is overbroad, unduly burdensome, and not proportional to the needs of the case in light of the allegations in the Plaintiff's Amended Class Action Complaint. Defendants propose to limit the time period for discovery to two financial quarters preceding Plaintiff's alleged putative class period (December 17, 2014, through September 28, 2015) through the end of the putative class period, i.e. to the time period of March 31, 2014, through September 28, 2015.  The Parties agree to negotiate search terms, custodians, and time periods for use in document discovery and discovery of electronically-stored information.

Pursuant to the Court's Scheduling Order, the Court has adopted a timetable for discovery and motion practice in this action. In addition, by electronic order dated October 25, 2018, the Court adopted the Parties' proposed schedule for class certification motion practice (ECF No. 54).

**III.   Discovery of Electronically Stored Information (ESI)**

The Parties anticipate that this matter will involve the production of ESI and agree to negotiate search terms, custodians, and time periods for ESI discovery.  The Parties have negotiated and agree to the terms of a Stipulated Protocol Governing Discovery of Hard Copy and Electronically-Stored Information ("ESI Agreement").

**IV.   Privilege Issues**

The Parties agree to the terms of the Stipulation and [Proposed] Order Governing the Production and Exchange of Confidential and Highly Confidential Information ("Protective

Order") attached hereto as Exhibit 1. The Parties submit the proposed Protective Order herewith for the Court's approval.

**V.      Limitations on Discovery**

At this time, Plaintiff anticipates a need for discovery events beyond those articulated in Local Rule 26.1. Defendants do not anticipate the need for discovery events beyond those articulated in Local Rule 26.1. The Parties reserve their rights to request discovery beyond those articulated in Local Rule 26.1(c), will endeavor to negotiate in good faith to reach agreement as to that modification, and seek Court intervention only in the event it should become necessary.

**VI.     Other Discovery Orders**

Other than the Protective Order identified above, the Parties do not anticipate any additional discovery orders at this time.

**VII.    Counsel and Party Certifications**

The Parties will separately file certifications pursuant to Local Rule 16.1(d)(3).

**VIII.   Pending Motions**

There are no pending motions before the Court at this time.

**IX.     Reassignment to Magistrate Judge**

The Parties do not consent to reassignment of this case to a Magistrate Judge for all purposes, and do not consent to a trial by a Magistrate Judge at this time.

DATED: December 4, 2018

| | |
|---|---|
| LAW OFFICE OF ALAN L. KOVACS<br>ALAN L. KOVACS (BBO #278240) | MINTZ, LEVIN, COHN, FERRIS,<br>GLOVSKY AND POPEO, P.C. |
| */s/ Stephen R. Astley* <br>Stephen R. Astley | */s/ Adam L. Sisitsky* <br>Adam L. Sisitsky |

| | |
|---|---|
| Alan L. Kovacs<br>257 Dedham Street<br>Newton, MA  02461<br>Telephone:  617/964-1177<br>617/332-1223 (fax)<br>alankovacs@yahoo.com | John F. Sylvia, BBO #555581<br>Adam L. Sisitsky, BBO #637532<br>Matthew D. Levitt, BBO #660554<br>Emily B. Kanstroom Musgrave, BBO #678979<br>Rebecca L. Zeidel, BBO #684697<br>One Financial Center<br>Boston, MA 02111<br>Telephone:  617/542-6000<br>617/542-2241 (fax)<br>JFSylvia@mintz.com<br>ALSisitsky@mintz.com<br>MDLevitt@mintz.com<br>EKMusgrave@mintz.com<br>RLZeidel@mintz.com |

*Local Counsel* (left column)

ROBBINS GELLER RUDMAN
 & DOWD LLP
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
SABRINA E. TIRABASSI
CONSTANTINE P. ECONOMIDES
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
stirabassi@rgrdlaw.com
ceconomides@rgrdlaw.com

CRIDEN & LOVE, P.A.
MICHAEL E. CRIDEN
7301 SW 57th Court, Suite 515
South Miami, FL  33143
Telephone:  305/357-9000
305/357-9050 (fax)

*Additional Counsel for Plaintiff*

(right column, below contact info:)

*Counsel for Defendants OvaScience, Inc., Michelle Dipp, M.D., Ph.D., and  Jeffrey E. Young*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on December 4, 2018.

                                        */s/ Adam L. Sisitsky*
                                         Adam L. Sisitsky

82951916v.1