UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FADI DAHHAN, Individually and on Behalf of All Others Similarly Situated, | ) ) | No. 1:17-cv-10511-IT |
| | ) | |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| | ) | |
| vs. | ) ) | STIPULATION AND AGREEMENT OF SETTLEMENT |
| | ) | |
| OVASCIENCE, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

This Stipulation and Agreement of Settlement, dated March 4, 2022 (the "Stipulation"), is entered into between (a) Lead Plaintiff and Class Representative Freedman Family Investments LLC, on behalf of itself and the plaintiff class certified by the Court (the "Class," as defined in ¶1(h) below); and (b) defendant OvaScience, Inc. ("OvaScience" or the "Company"), Longwood Fund, L.P., Longwood Fund, GP, LLC ("Longwood Funds"), and Michelle Dipp ("Dipp"), Jeffrey E. Young ("Young"), and Richard Aldrich ("Aldrich") ("Individual Defendants").  OvaScience, Dipp, and Young are collectively referred to as the "OvaScience Defendants."  The Longwood Funds and Aldrich are the "Longwood Defendants."  Collectively, the Individual Defendants, the OvaScience Defendants, and the Longwood Defendants, are "Defendants," and, together with Lead Plaintiff, "Parties."  The Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims (defined below) against Defendants.

WHEREAS:

A.      Beginning on or about March 24, 2017, securities class actions brought on behalf of investors in OvaScience common stock were filed in the United States District Court for the District of Massachusetts (the "Court").

B.      On July 5, 2017, the Court entered a Memorandum & Order that, among other things, appointed Freedman Family Investments LLC as Lead Plaintiff for the Action; approved

---

[1]      All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

Lead Plaintiff's selection of Robbins Geller Rudman & Dowd LLP as "Lead Counsel" and appointed local counsel.

C.      On August 25, 2017, Lead Plaintiff filed the Amended Class Action Complaint ("Complaint" or "Amended Complaint").   The Amended Complaint asserts claims against OvaScience and Dipp under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Dipp and Young under §20(a) of the Exchange Act.   Among other things, the Amended Complaint alleges that, during the Class Period (as defined in ¶1(j) below), the OvaScience Defendants knowingly or recklessly misrepresented and concealed material facts regarding the efficacy and commercial viability of AUGMENT, a new fertility treatment.   More specifically, the Complaint alleges that throughout the Class Period, the OvaScience Defendants made numerous public statements that led investors to believe that AUGMENT worked, and that there was significant demand from patients, which caused OvaScience's common stock to allegedly trade at artificially inflated prices during the Class Period.   The Complaint further alleges that the price of OvaScience stock declined when the true facts concerning the OvaScience Defendants' alleged misrepresentations and omissions were revealed, resulting in financial losses to those who purchased OvaScience stock at the inflated prices.

D.      On October 10, 2017, the OvaScience Defendants filed their motion to dismiss the Complaint ("Motion to Dismiss").   On November 9, 2017, Lead Plaintiff filed its opposition to the OvaScience Defendants' Motion to Dismiss and, on December 11, 2017, the OvaScience Defendants filed their reply memorandum of law.

E.      On July 31, 2018, the Court issued a Memorandum & Order denying the OvaScience Defendants' Motion to Dismiss in its entirety.

F.     On August 14, 2018, the OvaScience Defendants filed their answer to the Complaint.

G.     On March 14, 2019, Lead Plaintiff filed a motion for class certification ("Class Certification Motion").   The OvaScience Defendants filed their opposition to the Class Certification Motion on April 29, 2019, and Lead Plaintiff filed its reply brief on June 13, 2019.

H.     With the benefit of the evidence produced to Lead Plaintiff by the OvaScience Defendants, the Class filed a motion for leave to file a Second Amended Class Action Complaint ("Second Amended Complaint") on December 10, 2019, adding the Longwood Funds and Aldrich as new defendants for their alleged active role in the fraud through their exercise of control and influence over primary violators OvaScience and Dipp.[2]

I.     On December 30, 2019, the Court granted the Parties' request to stay litigation proceedings pending an upcoming mediation.   Lead Plaintiff and the OvaScience Defendants exchanged mediation statements and participated in a mediation before Michelle Yoshida on March 3, 2020, but the mediation did not result in resolution of the litigation.   The stay was thereafter lifted on April 2, 2020.

J.     Pursuant to an agreed-upon, Court-approved schedule, the OvaScience Defendants moved to strike the Second Amended Complaint and the Longwood Defendants moved to dismiss the Second Amended Complaint on May 1, 2020.

K.     On May 8, 2020, the Court granted the Class Certification Motion, appointing Freedman Family Investments LLC as "Class Representative," and on May 18, 2020, appointed

---

[2]     The Court granted Lead Plaintiff's oral emergency motion for leave to file the Second Amended Complaint, subject to a motion to strike by the OvaScience Defendants.  The Second Amended Complaint was thereafter filed under seal.  The seal was lifted June 7, 2021, and the Second Amended Complaint was filed on the public docket on June 29, 2021.

Jack Reise, Stephen R. Astley, and Elizabeth Shonson of Robbins Geller Rudman & Dowd LLP as Class Counsel.

L.      On June 15, 2020, the Court entered an Order granting Lead Plaintiff's unopposed motion to approve the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order").

M.      Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Class Notice informed Class Members that they will not have another opportunity to exclude themselves or otherwise opt out of the Action.  The Class Notice also informed Class Members that if they chose to stay in the lawsuit as a member of the Class, they would "be bound by all orders, judgment, and decisions of the Court, whether favorable or unfavorable to the Class."  In addition, the Class Notice informed Class Members that "if you do nothing now and stay in the lawsuit, you will give up your rights to sue Defendants separately in another lawsuit regarding legal claims that are, or could have been, part of this lawsuit, and your rights to recover in other lawsuits involving Defendants may be impacted.  You also may forgo your right to pursue claims based on alternative legal theories in favor of the theories being pursued in this case.  You waive your right to bring a separate lawsuit if you do not exclude yourself from this case."  The Class Notice further explained that "Class Members will not have another opportunity to exclude themselves or otherwise opt out of [the Action]."  The deadline for

requesting exclusion from the Class pursuant to the Class Notice was September 4, 2020.  Four Class Members validly requested exclusion from the Class.

N.      While the motions to strike and to dismiss the Second Amended Complaint were pending, Lead Plaintiff and the OvaScience Defendants continued to litigate the case until, once again, on August 14, 2020, they jointly sought a stay of the case to engage in a second private mediation as an attempt to resolve the litigation.  Lead Plaintiff and the OvaScience Defendants exchanged supplemental mediation statements, and mediated before Judge Daniel Weinstein on November 10, 2020, but were unable to reach a resolution of the case on that day.

O.      Nevertheless, counsel for the parties and insurance carriers continued discussions with the mediator over the course of several months, but were ultimately unable to reach a mutually agreeable resolution of the litigation.

P.      On November 19, 2020, while the case remained stayed, the Parties jointly requested that the Court rule upon the still pending Motion to Dismiss the Second Amended Complaint and Motion to Strike the Second Amended Complaint, to aid the Parties in discussions of potential resolution of the case.

Q.      On May 28, 2021, the Court entered her decisions denying Defendants' motions to dismiss and strike the Second Amended Complaint.

R.      Thereafter, on June 4, 2021, the Parties jointly requested that the stay be lifted, which was entered on June 7, 2021.  The Court directed Defendants to answer the Second Amended Complaint, which they did on July 13, 2021.

S.      On that same day, Lead Plaintiff filed a Second Motion to Compel certain documents that the OvaScience Defendants had withheld on the basis of the attorney-client

privilege.  The OvaScience Defendants opposed that motion on July 27, 2021 and, Lead Plaintiff filed its reply with Court approval on August 13, 2021.

      T.      Throughout the course of the litigation, the Parties produced approximately 270,000 documents totaling over 1.5 million pages, conducted depositions of 4 fact witnesses, 1 expert witness, and served and responded to various sets of requests for production, interrogatories, and requests for admission.  Lead Plaintiff additionally served subpoenas on 22 third parties, which produced approximately 155,000 documents totaling over 1 million pages.

      U.      On December 10, 2021, the Court entered two separate Orders on Lead Plaintiff's First and Second Motions to Compel, granting Lead Plaintiff's request to reopen the depositions of David Harding; ordering the OvaScience Defendants "to produce the bates stamped version of its SEC production, all non-privileged correspondence with the SEC concerning AUGMENT . . . and all documents concerning…[the SEC] investigation itself"; and ordering Defendants "to supplement their initial disclosures, no later than fourteen days from the date of this Order, to provide a complete list of individuals (and the subject of discoverable information they  may have) that Defendants may use to support this defense, and to provide all documents that Defendants may use to support this defense."

      V.      Pursuant to those Orders, the OvaScience Defendants served Lead Plaintiff with supplemental initial disclosures, and produced a hard drive containing over 377,000 additional pages of discovery previously produced to the SEC as part of its investigation into OvaScience.

      W.      The Parties hereafter continued negotiations with the assistance of Judge Weinstein; and, in response to a mediator's recommendation from him, reached an agreement in principle to settle the Action on January 14, 2022.  The Parties agreed to settle and release all claims against Defendants in return for a cash payment by or on behalf of Defendants of

$15,000,000 in cash for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

X.     This Stipulation (together with the exhibits hereto and the Supplemental Agreement, as defined herein) reflects the final and binding agreement between the Parties.

Y.     Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

Z.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants has denied and continues to deny any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of, any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants specifically deny that they made any misstatements or omissions. Defendants also deny that they acted with the

requisite intent to commit a violation of the securities laws.  Defendants further deny that the price of OvaScience's common stock was artificially inflated during the Class Period or that the financial losses of individuals or entities that purchased OvaScience common stock during the Class Period were caused by the revelation of any information that OvaScience had allegedly previously not disclosed or misrepresented.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Lead Plaintiff of, any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation, any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the class action styled *Dahhan v. OvaScience, Inc., et al.*, No. 1:17-cv-10511-IT.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein that is substantially in the form of the Judgment provided for in this Stipulation, or one that is acceptable to all settling Parties.

(c)      "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)      "Claims Administrator" means Gilardi & Co. LLC.

(h)      "Class" means the class certified by the Court's Orders dated May 8, 2020 and May 18, 2020.  Specifically, the Class includes all persons or entities who purchased or otherwise acquired the publicly-traded common stock of OvaScience between December 17, 2014 and September 28, 2015, inclusive.  Excluded from the Class are: (i) Defendants; (ii) the officers and directors of OvaScience, at all relevant times; (iii) members of their immediate families, and their legal representatives, heirs, successors, or assigns; and (iv) any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are (i) the persons and entities who timely and validly requested exclusion from the Class in connection with the Class Notice; and (ii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class, any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice.

(i)      "Class Member" means each person and entity who or that is a member of the Class.

(j)     "Class Period" means the period between December 17, 2014 and September 28, 2015, inclusive.

(k)     "Complaint" or "Amended Complaint" means the Amended Class Action Complaint filed by Lead Plaintiff in the Action on August 25, 2017.

(l)     "Court" means the United States District Court for the District of Massachusetts.

(m)     "Defendants" means the OvaScience Defendants and the Longwood Defendants, inclusive of the Individual Defendants.

(n)     "Defendants' Counsel" means Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and Prince Lobel Tye LLP.

(o)     "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

(p)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶30 of this Stipulation have been met and have occurred or have been waived.

(q)     "Escrow Account" means an interest-bearing account wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(r)     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and its successor(s).

(s)     "Excluded Defendants' Claims" means any of the following claims: (i) claims relating to the enforcement of the Settlement; (ii) claims against the persons and entities

who submitted a request for exclusion from the Class in connection with the Class Notice; or (iii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class with respect to the Settlement, claims against any persons or entities who submit a request for exclusion from the Class in connection with the Settlement Notice.

(t)     "Excluded Plaintiff's Claims" means any of the following claims: (i) any claims asserted in any ERISA, derivative, or consumer action; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the wrongful conduct alleged in the Action; (iii) any claims relating to the enforcement of the Settlement; (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice; or (v) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class with respect to the Settlement, claims of any persons or entities who submit a request for exclusion from the Class in connection with the Settlement Notice.

(u)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect

to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v)      "Individual Defendants" means Michelle Dipp, Jeffrey E. Young and Richard Aldrich.

(w)      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)      "Lead Counsel" means Jack Reise, Stephen R. Astley, and Elizabeth Shonson of Robbins Geller Rudman & Dowd LLP.

(y)      "Lead Plaintiff" means Freedman Family Investments LLC.

(z)      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(aa)      "Longwood Funds" means Longwood Fund, L.P. and Longwood Fund, GP, LLC.

(bb)      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc)      "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class (including, but not limited to, the costs associated with the Class Notice and the Settlement Notice); and (ii) administering the Settlement, including, but not limited to, the

Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(dd)    "OvaScience" or the "Company" means OvaScience, Inc.

(ee)    "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

(ff)    "Plaintiff's Counsel" means Lead Counsel, Law Office of Alan L. Kovacs, and Criden & Love, P.A.

(gg)    "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, all other Class Members, and Plaintiff's Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

(hh)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice or such other plan of allocation that is approved by the Court.

(ii)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended.

(kk)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(ll)    "Released Defendants' Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including both known and Unknown Claims, that were or could have been asserted by any of the Defendants in any court, tribunal, forum or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, and that are based upon, arise out of, or relate to the commencement, prosecution, defense, mediation or settlement of the Action, including, but not limited to, discovery produced in the Action; provided, however, for the avoidance of doubt, that the Released Defendants' Claims shall not include any claims to enforce this Stipulation, the Settlement, or the Judgment.  Released Defendants' Claims do not include Excluded Defendants' Claims.

(mm)   "Released Plaintiff's Claims" means any and all manner of claims, demands, remedies, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including both known and Unknown Claims, (i) that Lead Plaintiff asserted in the Second Amended Complaint; or (ii) that Lead Plaintiff could have asserted against Defendants in any court, tribunal, forum or proceeding, that are based

upon, arise out of, or relate to both (a) the actions, inactions, deliberations, discussions, decisions, votes, or any other conduct of any kind by any of the Defendants relating to any agreement, transaction, occurrence, conduct, or fact alleged or set forth in the Second Amended Complaint, and (b) the purchase or acquisition of OvaScience common stock during the Class Period. Released Plaintiff's Claims do not include Excluded Plaintiff's Claims or claims to enforce this Stipulation, the Settlement, or the Judgment.

(nn)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(oo)   "Releases" means the releases set forth in ¶¶4-5 of this Stipulation.

(pp)   "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(qq)   "Settlement Amount" means Fifteen Million United States Dollars ($15,000,000.00) in cash.

(rr)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ss)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(tt)   "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

(uu)   "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees

and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(vv)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ww)   "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, and Defendants will not oppose the requested relief.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiff's Claims against any of the Defendants' Releasees, whether or not such Plaintiff's Releasee executes and delivers the Claim Form or shares in the Net Settlement Fund.  This Release shall not apply to any of the Excluded Plaintiff's Claims.

- 17 -

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiff's Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

6. Notwithstanding ¶¶4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7. In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within fifteen (15) calendar days of the Court's decision granting preliminary approval to the Settlement.

## USE OF SETTLEMENT FUND

8. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶17-28 below.

9.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants' Releasees harmless for the actions of the Escrow Agent.

10.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement

described in Treasury Regulation §1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

12.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or that paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims (as defined under the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $500,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for Notice and Administration Costs

actually incurred and paid or payable.  Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further of the Court, all Notice and Administration Costs exceeding $500,000.  The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Settlement Notice, publishing the Summary Settlement Notice, reimbursements to nominee owners for forwarding the Settlement Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or that paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

14.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

15.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments

- 21 -

to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or the Supplemental Agreement, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

16.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner that it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

17.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility,

authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members, or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

18.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Settlement Notice and Proof of Claim Form to all persons or entities who were previously mailed copies of the Class Notice and any other potential Class Members who may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

19.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any of the other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, nor any of the other Defendants' Releasees, shall be permitted to review, contest, or

object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been

- 25 -

submitted on the date when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any Class Member by reason or exercise or non-exercise of such discretion;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a

review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approved and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator, at Lead Counsel's direction, shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel and approved by the Court.

27.     No person or entity shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any other agent designated by Plaintiff's Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

28.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

29.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF**
**DISAPPROVAL, CANCELLATION OR TERMINATION**

30.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶7 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(d)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

31.     Upon the occurrence of all of the events referenced in ¶30 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

32.     If Defendants exercise their right to terminate the Settlement as provided in this Stipulation; Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; the Court disapproves the Settlement; or the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of January 14, 2022.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶32 and ¶¶11, 13, 15, 36 and 56, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶15 above), less any Notice and Administration Costs actually incurred, paid, or payable, and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶15 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶15 above.

33.     It is further stipulated and agreed that Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof;

(c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the United States Supreme Court, and the provisions of ¶32 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

34.     Defendants shall have the right (which right must be exercised collectively) to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and, as applicable, in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

35.     In addition to the grounds set forth in ¶33 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as

provided for in ¶7 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

36.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     Shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     Shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint or the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil,

- 32 -

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### MISCELLANEOUS PROVISIONS

37.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

39.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants

shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶32 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶32 above.

40.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Judgment will contain a finding that, during the course of the Action, all Defendants and Lead Plaintiff and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Weinstein, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in

- 34 -

bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

42.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

43.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

45.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Lead Plaintiff and Defendants concerning the Settlement and this

Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

47.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

49.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

51.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:     Robbins Geller Rudman & Dowd LLP
Attn:   Ellen Gusikoff Stewart, Esq.
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423
Email:  elleng@rgrdlaw.com

If to OvaScience Defendants or
Richard Aldrich:     Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, P.C.
Attn:  John F. Sylvia, Esq.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241
Email:  jfsylvia@mintz.com

If to Longwood Defendants     Prince Lobel Tye LLP
Attn: Joseph P. Curtin, Esq.
One International Place
Suite 3700
Boston, MA 02110
Telephone: (617) 456-8000
Facsimile: (617) 456-8100
Email: jcurtin@princelobel.com

55.     Except as otherwise provided herein, each Party shall bear its own costs.

56.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential. Nothing in the Stipulation, including this provision, shall prohibit the Parties from disclosing the fact of Parties' Settlement or the dollar value of the Settlement Amount.

57.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself, the Parties shall submit competing versions of any relevant Settlement documentation to Judge Weinstein for final determination of all open issues.

59.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, March 4, 2022.

LAW OFFICE OF ALAN L. KOVACS
ALAN L. KOVACS (BBO #278240)

ALAN L. KOVACS

- 38 -

257 Dedham Street
Newton, MA  02461
Telephone:  617/964-1177
617/332-1223 (fax)
alankovacs@yahoo.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*pro hac vice*)
STEPHEN R. ASTLEY (*pro hac vice*)
ELIZABETH A. SHONSON (*pro hac vice*)
SABRINA E. TIRABASSI (*pro hac vice*)

_____
            STEPHEN R. ASTLEY

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for Plaintiff

CRIDEN & LOVE, P.A.
MICHAEL E. CRIDEN
7301 SW 57th Court, Suite 515
South Miami, FL  33143
Telephone:  305/357-9000
305/357-9050 (fax)

Additional Counsel for Plaintiff

- 39 -

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.

_____
JOHN F. SYLVIA, BBO #555581
ADAM L. SISITSKY, BBO #637532
MATTHEW D. LEVITT, BBO #660554
EMILY KANSTROOM MUSGRAVE,
   BBO #678979
One Financial Center
Boston, MA  02111
Telephone:  617/542-6000
617/542-2241 (fax)
JFSylvia@Mintz.com
ALSisitsky@Mintz.com
MDLevitt@Mintz.com
EKMusgrave@Mintz.com

Counsel for Defendants OvaScience, Inc.,
Michelle Dipp, Jeffrey E. Young and Richard
Aldrich

PRINCE LOBEL TYE LLP


_____
JOSEPH P. CURTIN (BBO #556776)
JOSEPH P. MESSINA (BBO#559328)
ADAM R. DOHERTY (BBO #669499)
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617/456-8000
617/456-8100 (fax)
jcurtin@princelobel.com
jmessina@princelobel.com
adoherty@princelobel.com

Counsel to Longwood Fund, L.P. and Longwood
Fund, GP, LLC

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.

_____

JOHN F. SYLVIA, BBO #555581
ADAM L. SISITSKY, BBO #637532
MATTHEW D. LEVITT, BBO #660554
EMILY KANSTROOM MUSGRAVE,
    BBO #678979
One Financial Center
Boston, MA  02111
Telephone:  617/542-6000
617/542-2241 (fax)
JFSylvia@Mintz.com
ALSisitsky@Mintz.com
MDLevitt@Mintz.com
EKMusgrave@Mintz.com

Counsel for Defendants OvaScience, Inc.,
Michelle Dipp, Jeffrey E. Young and Richard
Aldrich

PRINCE LOBEL TYE LLP

_____

JOSEPH P. CURTIN (BBO #556776)
JOSEPH P. MESSINA (BBO#559328)
ADAM R. DOHERTY (BBO #669499)
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617/456-8000
617/456-8100 (fax)
jcurtin@princelobel.com
jmessina@princelobel.com
adoherty@princelobel.com

Counsel to Longwood Fund, L.P. and Longwood
Fund, GP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will, be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on March 4, 2022.


*s/ Stephen R. Astley*
_____
STEPHEN R. ASTLEY