UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FADI DAHHAN, Individually and on Behalf of All Others Similarly Situated, | No. 1:17-cv-10511-IT |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | [PROPOSED] ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT |
| OVASCIENCE, INC., et al., | |
| Defendants. | |

WHEREAS, a securities class action is pending in this Court entitled *Dahhan v. OvaScience, Inc., et al.*, No. 1:17-cv-10511-IT (the "Action");

WHEREAS, by Orders dated May 8, 2020 and May 18, 2020 (ECF 99, 101), this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired publicly-traded common stock of OvaScience, Inc. ("OvaScience") between December 17, 2014 and September 28, 2015, inclusive (the "Class Period") (the "Class");[1] appointed Freedman Family Investments LLC as Class Representative for the Class; and appointed Jack Reise, Stephen R. Astley, and Elizabeth Shonson of Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class;

---

[1]    Excluded from the Class are: Defendants, the officers and directors of OvaScience at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice and the Settlement Notice, as listed in Appendix 1 hereto.

WHEREAS, by Order dated June 15, 2020, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; (c) their right to request to be excluded from the Class; (d) the effect of remaining in the Class or requesting exclusion; and (e) the requirements for requesting exclusion (the "Class Notice Order") (ECF 114);

WHEREAS, pursuant to the Class Notice Order, over 28,000 copies of the Class Notice were mailed to potential Class Members and nominees (ECF 123);

WHEREAS, pursuant to the Class Notice Order, a summary notice was published in *Investor's Business Daily*, and via *PR Newswire* on July 13, 2020 (ECF 123);

WHEREAS, the Claims Administrator established a toll-free telephone helpline and website to assist potential Class Members with questions about the Action;

WHEREAS, (a) Lead Plaintiff, on behalf of itself and the Class, and (b) defendants OvaScience, Michelle Dipp, Jeffrey E. Young, Longwood Fund, L.P., Longwood Fund, GP, LLC, and Richard Aldrich (collectively, "Defendants" and, together with Lead Plaintiff, "Parties") have entered into a Stipulation and Agreement of Settlement dated March 4, 2022 (the "Stipulation") (ECF 174), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order and Judgment Approving Class Action Settlement ("Judgment"), all capitalized words contained herein shall have the same meanings as they have in the Stipulation (ECF 174);

- 2 -

WHEREAS, by Order dated April 1, 2022 (the "Preliminary Approval Order") (ECF 178), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with (ECF 187);

WHEREAS, the Court conducted a hearing on July 26, 2022 (the "Settlement Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 4, 2022 (ECF 174); and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on June 21, 2022 (ECF 187).

3.    **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order (ECF 178) and finally certifies, for purposes of Settlement only, a Class defined as: all persons or entities who purchased or otherwise acquired the publicly-traded common stock of OvaScience between December 17, 2014 and September 28, 2015, inclusive.  Excluded from the Class are Defendants; the officers and director of OvaScience, at all relevant times; members of their immediate families, and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are the persons and entities who timely and validly requested exclusion therefrom, in accordance with the requirements set forth by the Court.

5.      The Court finds that: (a) the members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominates over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class individually controlling the prosecution with separate activities; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA") (ECFs 198, 204).  Defendants mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

7.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated

by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10.    **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation (ECF 174, pages 17-18), together with the definitions contained in paragraph 1 of the Stipulation relating thereto (ECF 174, pages 1-16), are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiff's Claims against Defendants and

the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiff's Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.  This Release shall not apply to any of the Excluded Plaintiff's Claims.

(b)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiff's Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

11.    **Bar Orde**r – Upon the Effective Date of the Settlement, to the fullest extent permitted by law, (i) all persons and entities shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Defendants' Releasees seeking damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Amount, arising out of, relating to, or concerning the Released Plaintiff's Claims, whether arising under state, federal, or foreign law, whether asserted as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum and (ii) all Defendants' Releasees

shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any persons and entities seeking damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Amount, arising out of, relating to, or concerning the Released Plaintiff's Claims, whether arising under state, federal or foreign law, whether asserted as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum (the "Bar Order").  Nothing in this Bar Order shall prevent any person or entity who submitted a request for exclusion from the Class in connection with the Class Notice and the Settlement Notice (as listed in Appendix 1 hereto) from pursuing any Released Plaintiff's Claims against any of the Defendants' Releasees.  If any such person or entity pursues any such Released Plaintiff's Claims against any of the Defendants' Releasees, nothing in this Bar Order shall operate to preclude such Defendants' Releasees from asserting any claim of any kind against such person or entity, including any Released Defendants' Claims (or seeking contribution or indemnity from any person or entity, including any Defendant in the Action, in respect of the claim of such person or entity listed on Appendix 1 hereto).

12.     Notwithstanding paragraphs 10 and 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     Neither this Judgment, the Stipulation, nor any of their respective terms, provisions, or exhibits, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement,

nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a)    offered or received against any of the Defendants' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any of the allegations in the Action or the validity of any claim that has been or could have been asserted against any of the Defendants' Releasees in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees;

(b)    offered or received against any of the Defendants' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants' Releasees, or against any of the Plaintiff's Releasees as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff;

(c)    offered or received against the Defendants' Releasees or the Plaintiff's Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees or Plaintiff's Releasees with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants' Releasees or Plaintiff's Releasees in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment; provided, however, that the

Defendants' Releasees and the Plaintiff's Releasees may refer to them to effectuate the liability protection granted them hereunder;

(d)    offered or received against the Defendants' Releasees or the Plaintiff's Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees or Plaintiff's Releasees that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e)    offered or received against any of the Plaintiff's Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by the Plaintiff's Releasees that any of their claims are without merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount.

14.    The Defendants' Releasees may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by

Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; and (e) the Class Members for all matters relating to the Action.

17.    Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

19.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of January 14, 2022, as provided in the Stipulation.

20.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.


_____
                    The Honorable Indira Talwani
                    United States District Judge

# APPENDIX 1



*OVS-EXCL00001*

# Exclusion Cover Page

Case Name: Ovascience, Inc.

Case Code:  OVS

Exclusion Deadline: September 4, 2020 (Postmarked Date)

Name of Person Filing Exclusion: James E and Judy C Campbell

James E. and Judy C. Campbell

███████████████

OvaScience Securities Litigation
c/o Gilardi & Co. LLC
150 Royall Street, Suite 101
Canton, MA 02021

We can find no evidence that OvaScience stock was held in our rollover IRAs during the period from December 16, 2014 to September 28, 2015. Consequently, we wish to be excluded from your class action lawsuit 'OvaScience Securities Litigation.'

Thank you,

*James E Campbell*
James E. Campbell

*Judy C. Campbell*
Judy C. Campbell



21 AUG 2020 PM 5 L

FOREVER / USA

OVS

Ovaslience Securities Litigation
% Gilardi & Co. LLC
150 Royall Street, #101
Canton, MA 02621

02021-105426

RECEIVED
AUG 2 5 2020
By




*OVS-EXCL00002*

# Exclusion Cover Page

Case Name: Ovascience, Inc.

Case Code:  OVS

Exclusion Deadline: September 4, 2020 (Postmarked Date)

Name of Person Filing Exclusion: Trent Rose

I, Trent Rose, would like to be excluded from the Class.

Information requested below:

Trent Rose

Number of OVAS shares owned:
Buy 55 (09/14/2016)
Buy 100 (04/17/2018)
Sold 155 (06/04/2018)

TRENT ROSE

OVS

Received

SEP - 1 2020

02021-103199

OVA SCIENCE SECURITIES LITIGATION

C/O GILARDI AND CO. LLC

150 ROYALL ST SUITE 110

CANTON, MA 02021





# Exclusion Cover Page

Case Name: Ovascience, Inc.

Case Code:  OVS

Exclusion Deadline: September 4, 2020 (Postmarked Date)

Name of Person Filing Exclusion: Michael J Zinner

To: OvaScience Securities Litigation

Re: Exclusion from Lawsuit

From: Michael Zinner



Shares Purchased: 1000

Date of Purchase: June 9, 2015

Purchase Price: $35.915

I, as the purchaser, would like to be excluded from the Class.

Michael J. Zinner                                8/17/2020

FOREVER / USA

28 AUG 2020 PM 4 L

OUc Science Securities Litigation
c/o Gilardi : Co LLC
150 Royal Street, Suite 101
Canton, MA    02021

02021-105426



RECEIVED
RECEIVED
SEP
SEP 0 2 2020
By





# Exclusion Cover Page

Case Name: OvaScience, Inc.

Case Code:  OVS

Exclusion Deadline: September 4, 2020 (Postmarked Date)

Name of Person Filing Exclusion: Carlos Alberto Rodrigues Alves
Sylvia De Lourdes Rodrigues Alves

████ 25th August, 2020

OvaScience Securities Litigation

c/o Gilardi &Co. LLC

150 Royal Street, Suite 101

Canton, MA 02021

Ref.: Dahhan v. OvaScience, Inc. Nº 1:17-cv-10511-IT

We , Carlos Alberto Rodrigues Alves and Sylvia De Lourdes Rodrigues Alves, resident at ████
████████████████████████████ respectfully request the exclusion of our
names as members of the Class, regarding the class action mentioned above.



OvaScience Securities Litigation

c/o Gilardi & Co. LCC

150 Royal Street, Suite 101

Canton, MA 02021

USA

RECEIVED SEP 2 2 2020

PAR AVION

PRIORITÁRIO PRIORITY

RECEIVED SEP 2 2 2020

Carlos Alberto Rodrigues Alves



*OVA-EXCL00001*

RECEIVED
May 31, 2022
Claims Center

# Exclusion Cover Page

Case Name: Ovascience, INC., et al.,

Case Code: OVA

Exclusion Deadline: July 5, 2022 (Postmarked Date)

Name of Person Filing Exclusion: Carlos Alberto Rodrigues Alves
Sylvia de Lourdes Rodriguez Alves

São Paulo, 12thMay, 2022

OvaScience Securities Litigation

C/o Gilardi & Co LLC

PO Box 43312

Providence, RI 02940-3312

Ref Fadi Dahhan – no, 1:17 – cv 10511 – IT

According to what we have already stated in our letter of 25th August 2020, we, Carlos Alberto Rodrigues Alves and Sylvia de Lourdes Rodrigues Alves, resident at ███████████████████████████ respectfully request the exclusion os our names as members of the Class, regarding the class action mentioned.

Carlos Alberto Rodrigues Alves

Sylvia de Lourdes Rodrigues Alves



BRASIL
Correi
R$ 04,5
13.05.22 - 11:16
AGF PORTAL / S

AuoScience Securities Litigation
c/o Gilardi & Co. LLC
PO Box 43312
Providence, RI 02940-3312 .
U.S.A.

Received
MAY 31 2022



PRIORITÁRIO
PRIORITY
75240285-J                    13 x 37mm



*OVA-EXCL00002**OVA-EXCL00002*

RECEIVED
June 13, 2022
Claims Center

# Exclusion Cover Page

Case Name: Ovascience, INC., et al.,

Case Code: OVA

Exclusion Deadline: July 5, 2022 (Postmarked Date)

Name of Person Filing Exclusion: Thomas and Jean Parker Trust
Debra Bachman TTEE
U/A DTD 2/9/2011

June 10, 2022


OvaScience Securities Litigation
c/o Gilardi & Co. LLC
P.O. Box 43312
Providence, RI 02940-3312

RE: OvaScience Class Action

Please exclude us from the Class for the settlement. Thomas and Jean Parker deceased in 2018 and 2019. The estate and trust have been settled and are no longer valid.

Thank you,

*Debra Bachman TTEE*

Debra Bachman TTEE
Thomas and Jean Parker Trust
U/A DTD 02/09/2011

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*Dahhan v. OvaScience, Inc., et al.*

No. 1:17-cv-10511-IT

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than August 22, 2022**

# OVA

**Please Type or Print in the Boxes Below**
Do **NOT** use Red Ink, Pencil, or Staples

## PART I: CLAIMANT INFORMATION

Please read "General Instructions", above, before completing this Part I – Claimant Information. The Claims Administrator will use the information provided for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number _____ or _____ Taxpayer Identification Number

Telephone Number (Primary Daytime) | Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address

City | State | ZIP Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ATP KE ICI | BB DK EM | FL ME ND | OP RE SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

## PART II. SCHEDULE OF TRANSACTIONS IN OVASCIENCE COMMON STOCK

(NASDAQ TICKER: OVAS; CUSIP 69014Q)Use this section to provide information on your holdings and trading of OvaScience common stock (NASDAQ Ticker Symbol: OVAS) ("OvaScience common stock") during the requested time periods. Please include proper documentation with your Claim Form as described in detail in the General Instructions, Paragraph 8 above.

| A. | Number of shares of OvaScience common stock held at the close of trading on December 16, 2014: | | Proof Enclosed? ○Y ○N |
|---|---|---|---|

B.  Purchases and acquisitions (including free receipts) of OvaScience common stock (December 17, 2014 – September 28, 2015, inclusive):

### PURCHASES

| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1 | | | $           00 | ○Y ○N |
| 2 | | | $           00 | ○Y ○N |
| 3 | | | $           00 | ○Y ○N |
| 4 | | | $           00 | ○Y ○N |
| 5 | | | $           00 | ○Y ○N |

| C. | Number of shares of OvaScience common stock purchased or acquired (including free receipts) from September 29, 2015 through December 28, 2015: | | Proof Enclosed? ○Y ○N |
|---|---|---|---|

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:  ○ Yes
(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|

D.  Sales (including free deliveries) of OvaScience common stock (December 17, 2014 – December 28, 2015, inclusive):

### SALES

| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1 | | | $           00 | ○Y ○N |
| 2 | | | $           00 | ○Y ○N |
| 3 | | | $           00 | ○Y ○N |
| 4 | | | $           00 | ○Y ○N |
| 5 | | | $           00 | ○Y ○N |

| E. | Number of shares of OvaScience common stock held at the close of trading on December 28, 2015: | | Proof Enclosed? ○Y ○N |
|---|---|---|---|

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## PART III. RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION
### BELOW AND SIGN ON PAGE 6 OF THIS CLAIM FORM.

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiff's Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.

### PART IV. CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

(a)     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

(b)     that the Claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

(c)     that I (we) own(ed) the OvaScience common stock identified in the Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

(d)     that the Claimant(s) has (have) not submitted any other Claim covering the same purchases or acquisitions of OvaScience common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

(e)     that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

(f)     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

(g)     that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

(h)     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

(i)     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1) (C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

---

1     Information requested with respect to your purchases and acquisitions of OvaScience common stock from September 29, 2015 through and including December 28, 2015, is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.



UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this_____ day of _____ in _____

(Month/Year)                                      (City/State/Country)

_____          _____
(Sign your name here)                              (Sign your name here)

_____          _____
(Type or print your name here)                     (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,              (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and certification.

2. If this Claim Form is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

8. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

9. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@OvaScienceSecuritiesLitigation.com, or by toll-free phone at 1 (866) 757-7818, or you may visit www.OvaScienceSecuritiesLitigation.com.    DO NOT call OvaScience or its counsel with questions regarding your Claim.

### THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.OVASCIENCESECURITIESLITIGATION.COM, NO LATER THAN AUGUST 22, 2022, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTMARKED NO LATER THAN AUGUST 22, 2022, ADDRESSED AS FOLLOWS:

*OvaScience Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43312
Providence, RI  02940-3312

A Claim Form received by the Claims Administrator via mail shall be deemed to have been submitted when posted, if a postmark date on or before August 22, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.



10 JUN 2022 · PM 6 L

FOREVER / U

RECEIVED JUN 1 8 2022

*OvaScience Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43312
Providence, RI 02940-3312

**OVA**

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will, be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on November 22, 2022.


*s/ Stephen R. Astley*
_____
STEPHEN R. ASTLEY